IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAPTOR ARCHERY, INC., an )
Oregon corporation, )
                             )
           Plaintiff, )
                             )   No. CV-08-1328-HU
   v. )
                             )   FINDINGS AND
2 XJ ENTERPRISES, INC., a )   RECOMMENDATION
Maryland corporation, )
                             )
           Defendant. )
_____)

William H. Sumerfield
Philips Reynier & Sumerfield
718 State Street
P.O. Box 758
Hood River, Oregon 97031
    Attorney for plaintiff

John W. Stephens
Esler Stephens & Buckley
888 S.W. Fifth Avenue, Suite 700
Portland, Oregon 97204
    Attorney for defendant

HUBEL, Magistrate Judge:

     This is an action for trademark infringement brought by Raptor Archery, Inc. (Raptor) against 2XJ Enterprises, Inc. (2XJ), a Delaware corporation with its principal place of business in Maryland. Raptor is an Oregon corporation with its principal place

FINDINGS AND RECOMMENDATION Page 1

of business in Hood River. Declaration of Ted Fry ¶ 1. 2XJ moves to dismiss the action for lack of personal jurisdiction.

### Factual Background

Raptor sells traditional, as opposed to modern, archery products, such as bows, arrows, broadheads, archery supplies and raw materials. 2XJ is in the business of manufacturing and wholesaling modern, technology driven broadheads used on hunting arrows. A traditional broadhead for an arrow is rigid, while a modern broadhead has moveable, deployable cutting blades below the point. Both archery practices have strong adherents. According to Ted Fry, the president of Raptor, his credibility and business reputation among his traditional archery clientele is adversely affected by identification with a modern broadhead. Fry Declaration ¶ 6.

Raptor registered the "Raptor Archery" mark in March 1998. The covered products are "archery equipment, namely bows, arrows, quivers, shafts, feathers, broadheads, and points." Fry Declaration ¶ 5. 2XJ concedes that between 2003 and the end of 2007, 2XJ sold a mechanical broadhead under the name Crimson Raptor. Declaration of Scott Mackie ¶ 5.

Raptor has submitted five invoices obtained in discovery showing that 2XJ shipped a product identified as "Raptor" to Oregon, and 31 other invoices showing Raptor products shipped to Washington, California, Idaho, Utah and Nevada. Declaration of William Sumerfield Exhibit B.

2XJ admits that some of the Crimson Raptor broadheads were

FINDINGS AND RECOMMENDATION Page 2

sold in Oregon or shipped to outlets in Oregon. Supplemental Declaration of Scott Mackie Correcting Declaration in Support of Defendant's Motion to Dismiss ¶¶ 3, 4.

Attached to the Declaration of William Sumerfield as Exhibit A are copies of printouts from 2XJ's website, located at http://www.spintite.com. The printout lists 24 retailers in Oregon and 14 national retailers doing business in Oregon, such as Dick's Sporting Goods, Sportsman's Warehouse, and Wal-Mart, that carry 2XJ products. Id.

Raptor has also proffered evidence that 2XJ advertises its products nationally, including in Oregon. Attached to the Fry Declaration as Exhibit A is the cover page and page 81 from the August/September 2007 edition of *National Bowhunter* magazine. The magazine was mailed to Fry at Raptor's place of business in Oregon. The magazine contains a quarter page display for the Crimson Raptor broadhead.

Fry states further in his declaration that on February 23, 2009, he received an email through his website from an individual in Lafayette, Indiana inquiring about the Crimson Raptor broadhead. Id. at Exhibit B.

**Discussion**

When a defendant's motion to dismiss is made as its initial response and the court is asked to decide the motion without conducting an evidentiary hearing, plaintiff need only make a *prima facie* showing that personal jurisdiction exists, *i.e.*, facts that, if true, would support the court's exercise of jurisdiction over

FINDINGS AND RECOMMENDATION Page 3

the defendant. <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 922 (9th Cir. 2001); <u>Mattel, Inc. v. Greiner and Hauser GMBH</u>, 354 F.3d 857, 862 (9th Cir. 2003). Unless directly contravened, plaintiff's version of the facts is taken as true; conflicts between the facts contained in declarations submitted by the two sides are resolved in plaintiff's favor. <u>CE Distribution, LLC v. New Sensor Corp.</u>, 380 F.3d 1107, 1110 (9th Cir. 2004). The court need not decide whether plaintiff has proven its contentions, but only whether it has made a prima facie case for personal jurisdiction. <u>Mattel</u>, 354 F.3d at 862.

The parties agreed at oral argument that the issue in this case is whether the court has specific jurisdiction over 2XJ. Specific jurisdiction requires three things: 1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident of the forum, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. <u>Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme</u>, 433 F.3d 1199, 1205 (9th Cir. 2006).

If plaintiff satisfies the first two prongs of this test, defendant must present a "compelling case" that exercising personal jurisdiction would not be reasonable. <u>Schwarzenegger v. Fred Martin</u>

FINDINGS AND RECOMMENDATION Page 4

Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

Because a trademark infringement claim sounds in tort, the purposeful direction test is appropriate. Id. For tort actions courts may exercise jurisdiction over a defendant who engaged in an act that had an effect in the forum state, even if the act itself took place outside state boundaries. Roth v. Garcia Marquez, 942 F.2d 617, 621 (9th Cir. 1991). In Calder v. Jones, the Supreme Court held that an act outside the forum that is both aimed at and has an effect in the forum satisfies the first prong of the specific jurisdiction analysis. 465 U.S. at 783. To satisfy the Calder test, the defendant must have 1) committed an intentional act, which was 2) expressly aimed at the forum state, and 3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1156 (9th Cir. 2006).

The evidence showing that 2XJ has advertised the Crimson Raptor product in a nationally circulated magazine received in Oregon, and that it has shipped products bearing the accused mark into Oregon is sufficient to make a *prima facie* showing of purposeful direction.

The second requirement for specific jurisdiction is that plaintiff's claim arise out of or relate to the defendant's forum-related activities. This requirement is governed by the "but for" test (whether plaintiff "would not have injured 'but for' the defendant's ... conduct directed toward" the plaintiff). Tech Heads Inc. v. Desktop Service Center, Inc., 105 F. Supp.2d 1142, 1151 (D.

FINDINGS AND RECOMMENDATION Page 5

Or. 2000). Claims based on the defendant's unauthorized use of plaintiff's trademarks are claims related to the forum-related contacts. Id. The "arising under" requirement is met in a tort action if the cause of action would not have arisen "but for" the alleged contacts between defendant and the forum state. Mattel, 354 F.3d at 864. Raptor has made a *prima facie* showing on the "arising out of" requirement.

The question of reasonableness requires consideration of seven factors: 1) the extent of a defendant's purposeful interjection; 2) the burden on the defendant in defending in the forum; 3) the extent of conflict with the sovereignty of the defendant's state; 4) the forum state's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the controversy; 6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985). No single factor is dispositive; the court must balance all seven. Core-Vent, 11 F.3d at 1488; Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998). 2XJ has not proffered evidence that consideration of these factors would make the exercise of personal jurisdiction in Oregon unreasonable.

I recommend that 2XJ's motion to dismiss (doc. # 11) be denied.

## Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 10, 2009. If no

FINDINGS AND RECOMMENDATION Page 6

objections are filed, then the Findings and Recommendation will go under advisement on that date.

    If objections are filed, then a response is due August 24, 2009. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this __24th__ day of __July__, 2009.

/s/ Dennis J. Hubel

Dennis James Hubel
United States District Judge

FINDINGS AND RECOMMENDATION Page 7